# Ford v. Lehigh and Wilkes-Barre Coal Company, Appellant.

*Negligence—Master and servant—Mines and mining—Position of hoisting signal—Safety hole.*

In an action against a mining company to recover for the death of plaintiff's son, who was killed by a car while attempting to ring a bell used to signal an engineer in charge of cars, where the only question was whether defendant's failure to provide a safety hole in which to signal was negligence, the case was for the jury and a verdict and judgment for the plaintiff was sustained, where it appeared that in other mines and in other parts of the defendant's mine the signal to hoist or lower the cars was located in a safety hole.

Argued April 10, 1917. Appeal, No. 316, Jan. T., 1916, by defendant, from judgment of C. P. Luzerne Co., May T., 1915, No. 546, on verdict for plaintiff in case of Mary Ann Ford v. Lehigh and Wilkes-Barre Coal Company. Before Brown, C. J., Mestrezat, Potter, Frazer and Walling, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before Woodward, J.

From the record it appeared that Stanley Ford, the plaintiff's son, was employed at the Hollenbach No. 2 colliery or slope of the defendant in Luzerne County, on April 18, 1914. Ford's duty was in part to signal to the engineer the manner in which the trip was to be hoisted or lowered. This signal was given from an electric push button hanging from a wire and situated about three or four feet from the rail, and between the slope and a lift

or branch.   The lifts are openings that run off from the slope and vary in dimensions.   The place where Ford was killed was several hundred feet from the bottom of the slope.   Two cars were being lowered from the top of the slope by means of a rope.   In some manner the lower car became separated from the car attached to the rope and ran down the slope, jumping the track a few feet above the point where Ford was attempting to ring the bell to signal the engineer to slack up on the trip, striking him and causing his death.

Verdict for the plaintiff for $2,319 and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*Evan C. Jones,* with him *Gilbert S. McClintock, Arthur Hillman* and *Andrew H. McClintock,* for appellant.

*Paul Bedford,* with him *Frank A. McGuigan,* for appellee.

PER CURIAM, May 7, 1917:

It appears from the testimony in this case that in other mines, and in other parts of appellant's mine, the signal to hoist or lower cars was located in a safety hole.   If the deceased had been in such a hole when he was attempting to ring the bell to signal the engineer, he could not have been struck by the car which ran down the slope and jumped the track.   Whether the defendant's failure to provide a safety hole where the deceased was working, was negligence, was properly regarded by the learned trial judge as a question of fact for the jury.   It was the only question in the case, and judgment on the verdict is affirmed.